UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1200-CAS (JPx) | Date | September 14, 2012 |
|---|---|---|---|
| Title | REMEDY, INC. ET AL. V. CITY OF RANCHO MIRAGE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| N/A | | N/A | |

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED

## I.   INTRODUCTION

On May 15, 2012, plaintiffs Remedy, Inc. and Klint Jackson filed suit against defendants City of Rancho Mirage and Steve Buchanan in Riverside County Superior Court.  See Dkt. No. 1, Ex. A.  Plaintiffs allege that they seek to operate a medical marijuana dispensary within the city limits but were denied a permit to do so.  Plaintiffs therefore seek a declaration that various provisions of the Rancho Mirage municipal code are preempted by California state law, in addition to a writ of mandate compelling defendants to issue a certificate of occupancy to plaintiffs.  Id.  On July 13, 2012, plaintiffs filed an ex parte application to for an expedited briefing schedule, which defendants opposed.  Before the Superior Court ruled on this application, defendants removed to this Court on July 16, 2012, pursuant to 28 U.S.C. § 1441(a).  See Dkt. No. 1.

## II.   LEGAL STANDARD

Subject to certain limitations, any civil action which could have been initiated originally in federal court may be removed from state court.  28 U.S.C. § 1441(a).  Cases raising a federal question "arising under the Constitution, laws, or treaties of the United States" are one such subset of removable cases.  28 U.S.C. § 1331.  Furthermore, whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1200-CAS (JPx) | Date | September 14, 2012 |
|---|---|---|---|
| Title | REMEDY, INC. ET AL. V. CITY OF RANCHO MIRAGE ET AL. | | |

(citations omitted). Accordingly, a defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail, if the plaintiff asserts no federal claims in its complaint. See McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Two scenarios that give rise to removal jurisdiction are potentially implicated here. Neither is an exception to the basic precepts of the well-pleaded complaint rule. First, if a federal issue is embedded within a state law claim that is "necessar[y], . . . actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," then a federal court has subject matter jurisdiction over the claim. California Shock Trauma, 636 F.3d at 542 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). Under this rule, the state law claim must still be premised facially on a substantial federal issue. Id. (noting how the complaint at issue in Grable was premised on a failure to give notice as defined by federal law).

Second, in certain *limited* circumstances, when a state law claim is completely preempted by federal law, a case may be removable to federal court—based on the legal fiction that the preempted state law claim is "recharacterized" as a federal one, thereby giving rise to federal jurisdiction. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2012) § 2:2583–2589 (noting that complete preemption doctrine has been primarily limited to cases implicating ERISA and LMRA § 301). However, the exception is not the rule. "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. . . and therefore, [it] does not authorize removal to federal court." Metro. Life Ins., 481 U.S. 58, 63 (1987).

### III. ANALYSIS

Defendants argue that this Court has jurisdiction over this case because the action "arises under" the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq., and therefore is a suit that could have been originally brought in federal court. See Dkt. No. 1 at 3. Defendants argue that the relief sought by plaintiffs—an order compelling them to issue a certificate of occupancy to a medical marijuana dispensary—would necessarily require the interpretation and application of the federal CSA. Therefore, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1200-CAS (JPx) | Date | September 14, 2012 |
|---|---|---|---|
| Title | REMEDY, INC. ET AL. V. CITY OF RANCHO MIRAGE ET AL. | | |

contend, this case arises under federal law, requiring a determination that plaintiffs' requested relief is not preempted by the CSA. Id.

Defendants do not argue—and cite no authority for the proposition—that the CSA *completely* preempts any state law claim related to medical marijuana, such that plaintiffs' state law claims are properly recharacterized as federal claims. Cf. County of San Diego v. San Diego NORML, 165 Cal. App. 4th 798 (2008) (finding that the CSA does not provide for field preemption). Instead, defendants appear to argue that any state law claims asserted by plaintiffs are preempted by the CSA under the doctrine of obstacle preemption. See Dkt. No. 1 at 5. However, it is settled that "a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 12 (1983). See also Hofler v. Aetna US Healthcare of Calif., Inc., 296 F.3d 764, 769 (9th Cir. 2002), abrogated on other grounds by Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) ("[W]hen Congress has not completely preempted the field, removal cannot be based on the assertion of a federal preemption defense, even if the defense is anticipated in the plaintiff's complaint."). Therefore, because defendants assert federal preemption only as a defense to plaintiffs' claims, the Court appears to lack subject matter jurisdiction over this action.[1]

### IV.   CONCLUSION

In accordance with the foregoing, defendants are hereby ORDERED to SHOW CAUSE within **twenty (20) days** why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] Furthermore, because plaintiffs' claims do not appear to be premised on an underlying substantial federal issue, the Grable rule does not apply.