UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV 12-1200-CAS (SPx) | Date | November 19, 2012 |
|---|---|---|---|
| Title | REMEDY, INC., ET AL. V. CITY OF RANCHO MIRAGE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**     (In Chambers:) PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (filed October 23, 2012)

  The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 26, 2012 is vacated, and the matter is hereby taken under submission.

  On May 15, 2012, plaintiffs Remedy, Inc. and Klint Jackson filed suit against defendants City of Rancho Mirage and Steve Buchanan in Riverside County Superior Court. See Dkt. No. 1, Ex. A. Plaintiffs allege that they seek to operate a medical marijuana dispensary within the city limits but were denied a permit to do so. Plaintiffs therefore seek a declaration that various provisions of the Rancho Mirage municipal code are preempted by California state law, in addition to a writ of mandate compelling defendants to issue a certificate of occupancy to plaintiffs. Id. On July 13, 2012, plaintiffs filed an ex parte application to for an expedited briefing schedule, which defendants opposed. Before the Superior Court ruled on this application, defendants removed to this Court on July 16, 2012, pursuant to 28 U.S.C. § 1441(a). See Dkt. No. 1.

  On September 17, 2012, the Court issued an order to show cause why the instant case should not be remanded for lack of subject matter jurisdiction to the Riverside County Superior Court. Dkt. No. 13. On October 5, 2012, defendants filed a notice of non-opposition to this Court's order. Dkt. No. 17. Accordingly, on October 9, 2012, the Court remanded this case to the Riverside County Superior Court for lack of subject matter jurisdiction.

  28 U.S.C. § 1447(c) provides that: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs now move for attorney's fees on this basis, contending

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 12-1200-CAS (SPx) | Date | November 19, 2012 |
| Title | REMEDY, INC., ET AL. V. CITY OF RANCHO MIRAGE, ET AL. | | |

that defendants' removal of this suit to federal court was "objectively unreasonable." See Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). The Court in its discretion concludes that an award of fees is improper here. Despite this case being removed on July 19, 2012, plaintiffs *never* filed a motion to remand. Instead, the Court sua sponte issued an order to show cause why this case should not be remanded on September 17, 2012, to which defendant filed a notice of non-opposition. As such, plaintiffs did not have to move for a remand order, nor file any papers in conjunction with such a motion. Accordingly, the Court finds that an award of attorney's fees is unwarranted here.

    In accordance with the foregoing, plaintiffs' motion is hereby DENIED.

    IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |